**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| First Franklin Financial Corporation, ) | No. CV 07-1707-PHX-MHM |
| )  Plaintiff, ) | **ORDER** |
| ) vs. ) | |
| ) Dreamscape Mortgage, L.L.C., ) | |
| )  Defendant. ) | |
| ) | |

Now pending is Defendant's Motion to Amend its Answer (Doc. 15). Plaintiff has filed a Response (Doc. 17) and Defendant has filed a Reply (Doc. 23). The Court has considered the papers submitted and issues the following Order.

## BACKGROUND

Plaintiff initiated this action by filing its Complaint on September 6, 2007. Defendant filed its Answer on October 8, 2007. On March 6, 2007, Defendant filed the instant Motion to Amend its Answer, in which it seeks to add affirmative defenses and to clarify some of its original responses. Plaintiff opposes allowing such an amendment, claiming it would be prejudiced if Defendant is allowed to amend its Answer.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) governs amending party pleadings before trial. Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 665 F.3d 946, 951 (9th Cir. 2006) (quoting Fed.R.Civ.P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. Prejudice to the opposing party is accorded the most weight, and absent prejudice, "there exists a *presumption* under Rule 15(a) in favor of granting leave to amend" unless a strong showing is made on one of the other factors. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original).

## DISCUSSION

Defendant has moved for leave to amend its answer. Defendant seeks to add affirmative defenses and to "clarify a few of its original denials." Defendant points out that in its original Answer, it reserved the right to add affirmative defenses. In opposition, Plaintiff argues that it would be prejudiced by allowing such an amendment.[1]

Plaintiff asserts a number of arguments as to why it would be prejudiced by allowing Defendant to amend. First, Plaintiff contends that Defendant's proposed amended answer contains material alterations from the original Answer. However, Plaintiff has not cited authority to support its argument that an amendment should not be allowed if it materially alters the original pleading. In fact, it seems that if the changes were not material, it would not be necessary to seek leave to amend.

---

[1] Plaintiff does not argue that Defendant seeks to amend in bad faith, nor that amendment would be futile. See Rule 15, Fed.R.Civ.P. Plaintiff only argues "undue delay" in the context of how Plaintiff would be prejudiced by a delay of five months between when the Defendant filed its original Answer and when it filed its request to amend (see discussion infra). See id.

- 2 -

1 | Next, Plaintiff argues that Defendant's Motion should be denied because Defendant
2 | has provided no *reason* for seeking to amend.  Generally, Rule 15 of the Federal Rules of
3 | Civil Procedure does not require a party to give a reason for the amendment it seeks.
4 | However, in support of its argument, Plaintiff cites Amerisourcebergen Corp. v. Dialysist
5 | West, Inc., 465 F.3d 946, 953 (9th Cir. 2006), where the court held that leave to amend should
6 | be denied where a party has failed to provide adequate reason for a proposed amendment.
7 | However, Amerisourcebergen is distinguishable from the instant case.  In
8 | Amerisourcebergen the Ninth Circuit upheld the district court's denial of the request to
9 | amend because it had been nearly fifteen months since the party had learned of the new
10 | evidence upon which it sought to amend its pleading and, only three months earlier, the party
11 | had admitted that which it sought to deny.  Id. at 951-52.  The court in that case found that
12 | allowing a party to "advance different legal theories and require proof of different facts" at
13 | a late stage in the litigation would have prejudiced the opposing party by forcing it to
14 | undertake burdensome discovery and it would unnecessarily delayed final judgment.  Id.
15 | Here, Defendant claims a need to amend because initial discovery has revealed changes in
16 | its case theory.  Though Plaintiff claims that Defendant knew the facts upon which the
17 | proposed amendment are based at the time it filed its original Answer, Plaintiff has presented
18 | no evidence to support this claim.  Moreover, since discovery only recently began, the instant
19 | case is in a different posture than was Amerisourcebergen when the party there sought to
20 | amend.  Therefore, Amerisourcebergen does not dictate a similar outcome here.

21 | Plaintiff also argues that allowing Defendant to amend its answer would force Plaintiff
22 | to conduct additional discovery to address Defendant's additional defenses.  However, the
23 | Court is not persuaded by Plaintiff's argument that additional discovery would be prejudicial.
24 | Discovery had just begun at the time Defendant filed its Motion to Amend.  Plus, discovery
25 | is scheduled to remain open until September 19, 2008.  Therefore, Plaintiff has over four
26 | months to seek discovery in relation to the Defendant's Amended Answer.  Moreover,
27 | Plaintiff had notice of the possibility of Defendant adding defenses because Defendant
28 | reserved the right to do so in its Answer.

1 Finally, Plaintiff argues that the delay of five months between the filing of Defendant
2 original Answer and Defendant's request to amend would further prejudice Plaintiff.
3 "'Undue delay by itself ... is insufficient to justify denying a motion to amend.'" Owens v.
4 Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712, 13 (9th Cir. 2001) (quoting Bowles
5 v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)). In evaluating undue delay, the Ninth Circuit
6 has advised courts to consider "whether the moving party knew or should have known the
7 facts and theories raised by the amendment in the original pleading." Jackson v. Bank of
8 Hawaii, 902 F.2d 1385, 1388 (9th Cir. 1990). Here, there is no evidence that the Defendant
9 knew or should have known the facts and theories raised by the amendment at the time it
10 filed its original Answer. Nor is there evidence to show that Defendant delayed moving to
11 amend once it discovered such facts and theories. Plaintiff does not argue otherwise. Again,
12 discovery had just begun when Defendant moved to amend its Answer and discovery
13 continues to be ongoing. Therefore, there does not appear to be any undue delay.

14 In sum, the Plaintiff will not be prejudiced by the amendment.[2] Again, Rule 15 of the
15 Federal Rules of Civil Procedure is very liberal regarding allowing leave to amend pleadings.
16 The Court does not find compelling Plaintiff's arguments as to why it would be prejudiced
17 by allowing Defendant to amend its answer. Accordingly, the Court grants Defendant's
18 Motion to Amend.

20 CONCLUSIONS
21 For the foregoing reasons,
22 IT IS ORDERED, granting Defendant's Motion to Amend it Answer (Doc. 15).

---

[2] As stated above, Plaintiff does not argue that Defendant seeks to amend in bad faith, nor that amendment would be futile. See Rule 15, Fed.R.Civ.P. Plaintiff only argues "undue delay" in the context of how Plaintiff would be prejudice by the delay of five months between when the Defendant filed its original Answer and when it filed its request to amend, which the Court does not find compelling. See id.

- 4 -

IT IS FURTHER ORDERED directing the Clerk's Office to file the Lodged Proposed First Amended Answer (Doc. 16).

DATED this 29th day of May, 2008.

*Mary H. Murguia*
United States District Judge